ROBERT R. MOORE (BAR NO. 113818)
MICHAEL J. BETZ (BAR NO. 196228)
NICHOLAS A. SUBIAS (BAR NO. 228789)
ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111-4074
Phone: (415) 837-1515
Fax: (415) 837-1516
E-Mail: rmoore@allenmatkins.com
        mbetz@allenmatkins.com
        nsubias@allenmatkins.com

Attorneys for Defendant
Non-Parties Cary Collins and Collins and Associates

FILED
DEC 12 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BANK OF MONTREAL, as Administrative Agent,

    Plaintiff,

vs.

SK FOODS, LLC, a Nevada Limited Liability Company,

    Defendant.

Case No. Misc. CV 11 80 298 MISC EMC

**DECLARATION OF NICOLAS A. SUBIAS IN SUPPORT OF NON-PARTIES' CARY COLLINS AND COLLINS AND ASSOCIATES MOTION TO QUASH/FOR PROTECTIVE ORDER**

Date: TBD
Time: TBD
Ctrm: TBD
Judge: TBD

I, Nicholas A. Subias, do hereby declare as follows:

1. I am an associate at the law firm of Allen Matkins Leck Gamble Mallory and Natsis, LLC. If called as a witness, I could and would testify competently to the matters set forth in this declaration, except for those matters stated upon information and belief, and as for those matters, I believe them to be true.

2. Attached hereto as **Exhibit A** is what I am informed and on that basis believe is a copy of the November 9, 2011 subpoena ("Subpoena") served by the Bank of Montreal ("Bank") on Mechanics Bank in this matter.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

830085.01/SF

Case No. Misc. _____
Subias Declaration In Support of Motion to
Quash/for Protective Order

3. On December 7, during a phone call with counsel for the Bank, James Heiser, I informed him that I would like to meet and confer concerning the Bank's Subpoena to Mechanics Bank. At that time, he would not agree to meet and confer at that time. Eventually, a call was set up for December 9, 2011 to meet and confer concerning the Subpoena, and we met and conferred at that time.

4. During the meet and confer session on December 9, 2011, I noted to the Bank's counsel that the Subpoena essentially seeks all documents relating to any and all accounts and activities of Collins in connection with Mechanics Bank from January 1, 2008, to present. I further stated that Collins represents more than 100 clients, including those that are wholly unrelated to this litigation. And on that basis, I believed the Subpoena was impermissibly overbroad. Counsel for the Bank essentially agreed, and stated that the Bank did not want documents concerning unrelated entities.

5. I then directed the Bank's counsel's attention to Exhibit 7A of one of a prior declaration he filed on April 20, 2011 in N.D. Ill. Case No. 09CV3479. That documents appears to be a wire transfer request form from Bank of the West. It states that the transfer is to be in the amount of $17,911.47 and is to be transferred from "SK Foods, LLC's" account and Bank of the West. The Bank's counsel then conceded that the Bank had already subpoenaed documents from Bank of the West. In response, I requested that the Bank narrow the Subpoena to the account into which the SK Foods, LLC's funds ($17,911.47) had actually been transferred at Mechanics Bank because it is SK Foods, LLC's assets – and only its assets – that are the subject of the Citation to Discover Assets. I continued, it was not appropriate to just assume the SK Foods, LLC money went into Collins' account or accounts, especially when the Bank already had documents it could use to locate the actual account that SK Foods, LLC's funds were wired into.

6. Counsel for the Bank responded by directing my attention to Exhibit 13 of the same declaration referenced above. That Exhibit contains information on wire transfers, but much of the information has been redacted. The Bank's counsel then provided Collins with an unredacted copy of the Exhibit. That copy shows certain wire transfers for which Collins and Associates is listed as the "originator." The Bank's counsel then specifically stated to me that the account into

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

830085.01/SF

Case No. Misc. _____
Subias Declaration In Support of Motion to
Quash/for Protective Order

-2-

1 which the $17,911.47 from SK Foods, LLC's Bank of the West account funds were wired was 2 Mechanics Bank account number: 121102036. The Bank's counsel then stated that was the very 3 same account in Exhibit 13 of its declaration that Collins was listed as transferring funds from, so 4 the $17,911.47 from SK Foods, LLC's Bank of the West account had been transferred into Collins 5 account.

6     7. The Bank's counsel then agreed to, for the time being, limit its Subpoena to that 7 account, *i.e.*, Mechanics Bank account no. 121102036. The Bank, however, refused to agree to 8 any further extension of the time for Mechanics Bank to respond to the subpoena. This was 9 despite my specific request that the Bank extend the time from December 12 to December 14 for 10 Mechanics Bank to comply so that further meet and confer could take place.

11     8. I am informed based upon basic internet research I conducted and on that basis 12 believe that 121102036 is the 9-digit routing number for Mechanics Bank.

13 I declare under penalty of perjury of the laws of the United States and the State of 14 California that the foregoing is true and correct.

15 Executed this 12th day of December, 2011, in San Francisco, California.

_____
Nicholas A. Subias

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

830085.01/SF

Case No. Misc. _____
Subias Declaration In Support of Motion to
Quash/for Protective Order

-3-

# EXHIBIT A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | |
|---|---|
| Bank of Montreal, as Administrative Agent ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 09 CV 3479 |
| ) | |
| SK Foods, LLC, a Nevada Limited Liability Company ) | (If the action is pending in another district, state where: |
| *Defendant* ) | Northern District of Illinois ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Mechanics Bank
725 Alfred Nobel Drive
Hercules, CA 94547

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attached Rider

| Place: Chapman and Cutler LLP<br>c/o Todd Dressel<br>595 Market Street, Suite 2600<br>San Francisco, CA 94105-2839 | Date and Time:<br>Monday, December 12, 2011 at 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 11/09/2011

*CLERK OF COURT*

OR _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* __Bank of Montreal__
_____, who issues or requests this subpoena, are:

James M. Heiser
Chapman and Cutler LLP
11 West Monroe Street         Phone: (312) 845-3877
Chicago, Illinois 60603         Email: heiser@chapman.com

Case3:11-mc-80298-EMC Document3 Filed12/12/11 Page6 of 10

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## RIDER

The Custodian of Records of Mechanics Bank is required to produce the following documents in his or her possession, custody or control. If any documents are not produced because you contend that they are protected by a privilege, including but not limited to the attorney-client privilege or work-product doctrine, please identify with particularity each such documents, including its author, date and recipient, and state the basis for the claim of privilege.

## DEFINITIONS AND INSTRUCTIONS

1. The term "documents" as used herein is used in its broadest sense and includes, without limitation, the original and all non-identical copies (including those with any notations) of the following items: agreements and contracts; title papers; assignments; licenses; correspondence, including without limitation electronic mail; reports, notes and memoranda; summaries, minutes, notes and records of telephone conversations, meetings and conferences; reports and/or summaries of investigations; studies, prospectuses, presentation outlines, opinions and reports of experts and consultants; internal management studies, prospectuses, presentation outlines and reports; statements of persons having knowledge of relevant facts; cablegrams and telex messages, facsimile transmissions; patents, registrations of service or trademarks, copyrights, and applications for each of them; opinions of counsel; sales records, including purchase orders, order acknowledgements and invoices; books of account; statements, bills, checks and vouchers; brochures, pamphlets, catalogs, sales literature and sales promotion material; advertisements; trade letters, notices, announcements and press releases; specification sheets and diagrams; warranty forms; notebooks, data sheets, microfilm, microfiche, photographic negatives, architectural diagrams, blueprints, schematics, pictures, photographs; all data or information stored on computer-readable media, such as electromagnetic or other disks, diskettes, hard disk drives, tapes, cartridges, and CD-ROM, including without limitation software, firmware, source code and electronic mail including without limitation attachments thereto; software, firmware and source code not stored on computer-readable media; and all writings as that term is defined by Rule 1001 of the Federal Rules of Evidence. The term "documents" refers to all writings, recordings or documents of which You have knowledge, and all writings, recordings or documents which are in the possession, custody or control of You, or your agents, attorneys, officers, employees, or other representatives.

2. The term "correspondence" refers to any documents transmitted, or caused to be given or transmitted, from one person to another person by any means, including without limitation ordinary mail, electronic mail, private courier (including without limitation United Parcel Service or Federal Express or similar services), hand delivery, facsimile, cablegram or telex, and shall be construed in the broadest possible sense.

3. The term "person" refers to any natural person or business entity.

4. The use of the singular form of any word includes the plural and vice versa.

5. The terms "and" as well as "or" shall be construed disjunctively as well as conjunctively as necessary in order to bring within the scope of the following interrogatories all information which might otherwise be construed to be outside their scope.

6. "You" or "Your" refers to Mechanics Bank, as well as your agents, attorneys, employees, successors, predecessors, parents, subsidiaries or others acing on behalf of said person, entity or party.

7. The term "communication" refers to (1) any oral conveyance of information from one person to another Person, whether by voice mail, telephone, in-person conversation or other means; and (2) any documents transmitted, or caused to be given or transmitted, from one Person to another Person by any means, including without limitation ordinary mail, electronic mail, private courier (including without limitation United Parcel Service or Federal Express or similar services), hand delivery, facsimile, cablegram or telex, and shall be construed in the broadest possible sense.

8. The term "referring or relating to" means constituting, comprising, pertaining to, referring to, recording, evidencing, containing, setting forth, reflecting, showing, disclosing, describing, explaining, summarizing, supporting, contradicting, refuting or concerning, whether directly or indirectly.

9. Unless otherwise noted, these document requests shall be deemed to seek documents relating to the time period from January 1, 2008, to the present.

10. If you have no documents responsive to a particular document request, please state so.

11. As used herein, Collins and Associates shall mean Collins and Associates, Cary Scott Collins, individually or d/b/a Collins and Associates, and/or any present or former employee, agent, accountant, attorney, representative or person(s) acting on its behalf or any predecessor or success or entity, so as to give the term its broadest possible meaning.

## DOCUMENTS TO BE PRODUCED

1. Any and all documents, including but not limited to bank records, account information, incoming or outgoing wire transfer records or other financial reports or statements of Collins and Associates during the period January 1, 2008 through the present, or any part of that period.

2. Any and all documents, including but not limited to bank records, account information, incoming or outgoing wire transfer records or other financial reports or statements

of Cary Scott Collins, individually or jointly with others, including but not limited to as trustee, designee, or under a power of attorney from another, during the period January 1, 2008 through the present, or any part of that period.

### CERTIFICATE OF SERVICE

I, James Heiser, an attorney, hereby certify that I caused to be served a copy of the foregoing **Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises** by electronic mail upon:

### COUNSEL FOR CARY SCOTT COLLINS

William H. Jones
CANEL, KING & JONES
10 South LaSalle Street, Suite 3400
Chicago, Illinois 60603
wjones@kingjoneslaw.com

before the close of business this 11th day of November, 2011.

/s/ James Heiser
James H. Heiser
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois 60603
(312) 845-3000

3104271.01.01.doc